EXHIBIT A

## FAX FILED

## PLEASE PUT A COPY OF THE FAX CONFIRMATION ON TOP OF YOUR ORIGINAL, AND YOUR PAYMENT WITHIN 7 DAYS

### H. LYNN JONES II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Main Fax 337-437-3350

| | | |
|---|---|---|
| **To:** G. Karl Bernard | **From:** | Kristen Lewis |
| **Fax:** 504-412-8088 | **Pages:** 1 | Including Cover |
| **Phone:** | **Date:** 6-4-21 | |
| **Re:** FAX CONFIRMATION | **Return Fax:** | 337-437-3206 |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

RE: Michael W. Allen vs Phillips 66

• **Comments:**
   WE RECEIVED YOUR FAX FILING OF Petition for Damages _____ IN CASE NUMBER 2021-2166 H _____ AND IT WILL BE FILED FOR THE DATE ABOVE.

FAX FILING COSTS FOR THE PLEADING FILED ABOVE IS $ 353.00 _____.
_____ INCLUDING EXHIBITS
__X__ NOT INCLUDING EXHIBITS

PLEASE NOTE: EXHIBITS NOT FAXED WITH PLEADING WILL BE FILED FOR THE DATE ORIGINAL IS RECEIVED.

YOU MUST FORWARD THE ORIGINAL, TOGETHER WITH A COPY OF THIS FAX CONFIRMATION, AND YOUR PAYMENT WITHIN 7 DAYS.

THANKS,

KRISTEN LEWIS
DEPUTY CLERK OF COURT
COST DEPARTMENT
337-437-3550, EXT. 161

Fax CONFIRMATION KRISTEN

C M S 4 3 0 0 2 0 2 6
Filing Date: 06/04/2021 04:17 PM          Page Count: 2
Case Number: 2021-002166
Document Name: FAX CONFIRMATION

P. 1

\* \* \* COMMUNICATION RESULT REPORT ( JUN. 4. 2021  3:13PM ) \* \* \*

FAX HEADER 1:  CAL CLERKS OFFICE
FAX HEADER 2:

TRANSMITTED/STORED : JUN. 4. 2021  3:12PM

| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|-----------|--------|---------|--------|------|
| 3975 MEMORY TX | | 5044128088 | OK | 1/1 |

REASON FOR ERROR
  E 1) HANG UP OR LINE FAIL          E 2) BUSY
  E 3) NO ANSWER                     E 4) NO FACSIMILE CONNECTION

## FAX FILED

## PLEASE PUT A COPY OF THE FAX CONFIRMATION ON TOP OF YOUR ORIGINAL, AND YOUR PAYMENT WITHIN 7 DAYS

### H. LYNN JONES II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Main Fax 337-437-3350

| To: G. Karl Bernard | From: | Kristen Lewis | |
|---|---|---|---|
| Fax: 504-412-8088 | Pages: 1 | Including Cover | |
| Phone: | Date: 6-4-21 | | |
| Re:    FAX CONFIRMATION | Return Fax:    337-437-3206 | | |

☐Urgent   ☐For Review   ☐Please Comment   ☐Please Reply   ☐Please Recycle

● Comments:
RE: Michael W. Allen vs Phillips 66

WE RECEIVED YOUR FAX FILING OF _Petition for Damages_ IN CASE NUMBER _2021-2166 H_ AND IT WILL BE FILED FOR THE DATE ABOVE.

FAX FILING COSTS FOR THE PLEADING FILED ABOVE IS $ _353.00_
_____ INCLUDING EXHIBITS
_X__ NOT INCLUDING EXHIBITS

PLEASE NOTE: EXHIBITS NOT FAXED WITH PLEADING WILL BE FILED FOR THE DATE ORIGINAL IS RECEIVED.

YOU MUST FORWARD THE ORIGINAL, TOGETHER WITH A COPY OF THIS FAX CONFIRMATION, AND YOUR PAYMENT WITHIN 7 DAYS.

THANKS,

KRISTEN LEWIS
DEPUTY CLERK OF COURT
COST DEPARTMENT
337-437-3550, EXT. 161

Fax CONFIRMATION KRISTEN

4 2021 11:42am   Karl Bernard Law LLC                    5044128088                                    p.1



# The Law Office Of
# KARL BERNARD LAW, LLC
### ATTORNEYS AT LAW // EST. JULY, 1998

# Fax Transmittal

| Date:  June 4, 2021 | No. of Pages: (Including Cover):  7 |
|---|---|

2021 - 2166 #

To: Mr. H. Lynn Jones, Clerk of Court                                    P1

Company Fax: (337) 437-3833

CONFIDENTIALITY NOTICE:  **PAST DUE** (fax)

This Facsimile transmission (and the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. It is intended only for use by the person(s)) to whom it is addressed. If you are not the intended recipient you are hereby notified that any disclosure, copying, distribution of or taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone to arrange for the return of the documents.

From:  Karl Bernard Law, LLC

Re:   *Michael Allen v. Phillips 66*
      *14th JDC for the Parish of Calcasieu*
      *Petition for Damages*

CALCASIEU CLERK-COST
JUN 4 2021 PM8:19:08

SCANNED
JUN 2 2 2021

Comments:  See attached

Filing Date: 06/04/2021 04:17 PM          Page Count: 7
Case Number: 2021-002166
Document Name: FAX FILE FEE

*1615 Poydras Street   ◦  Suite 101 ◦  New Orleans, LA   70112   ◦ 504-412-9953   ◦  Fax 504-412-8088*

Jun 04 2021 11:42am   Karl Bernard Law LLC                    5044128088                    p.2

## The Law Office Of
# KARL BERNARD LAW, LLC
ATTORNEYS AT LAW//EST. JULY, 1998

*NEW ORLEANS OFFICE:*
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112

Office: (504) 412-9953
Facsimile: (504) 412-8088
karlb@karlblaw.com
www.karlbernardlaw.com

June 4, 2021

**VIA FACSIMILE – (337) 437-3833**
**AND UNITED STATES MAIL:**

Mr. H. Lynn Jones
Clerk of Court
14th Judicial Court, Parish of Calcasieu
P.O. Box 1030
Lake Charles, Louisiana 70602

RE:   Petition for Damages
      *Michael Allen v. Phillips 66*
      14th JDC, Parish of Calcasieu, State of Louisiana

Dear Mr. Jones:

Please find the enclosed Petition for Damages in the above referenced matter.  At your earliest convenience, please confirm receipt of same and the filing and service fee amounts due.

Upon receipt of the facsimile confirmation from your office, the original and a copy of the petition will be forwarded via United States Mail, along with a check to cover your filing fee, and a self-addressed stamped envelope to return a confirmed copy of the petition to our office.

Should you have any questions, please do not hesitate to contact our office.  Your cooperation is appreciated.

With kindest regards,

Julian Bernard
*Legal Assistant*

JGB/jgb
Enclosures

Jun 04 2021 11:42am   Karl Bernard Law LLC                    5044128088              p.3

## 14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU

### STATE OF LOUISIANA

NO.                                                    DIVISION: " "

### MICHAEL W. ALLEN

### VERSUS

### PHILLIPS 66

FILED:_____        BY:_____
                                                 DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Michael W. Allen, Plaintiff

herein, who respectfully asserts claims against Defendant, Phillips 66, alleging the following:

1.

The Plaintiff bringing this action is Michael W. Allen (hereinafter "Mr. Allen" or

"Allen"), an African-American male of the full age of majority who resides and is domiciled in

Calcasieu Parish, State of Louisiana.

2.

Made Defendant herein is Phillips 66 (hereinafter "Phillips"), a foreign corporation with

its principal place of business in Houston, Texas and has and is doing business in the Parish of

Calcasieu, State of Louisiana. At all times relevant to this lawsuit, Defendant, Phillips, was the

employer of Plaintiff, Michael Allen.

3.

Throughout Plaintiff's employment with Defendant, Plaintiff performed his respective

job duties without complaint and carried out his responsibilities in strict compliance with

Defendant's policies and procedures.

4.

Notwithstanding Plaintiff's job performance, Defendant, without lawful reason,

explanation or justification, discriminated against Plaintiff on the basis of his race.

5.

In or about April, 2014, Plaintiff Allen was hired by Phillips.  At all times relevant, Mr.

Allen was employed as a Top Operator.  His job duties and responsibilities included off-loading

1

liquid product from commercial barges to various assigned tanks on Defendant's Excel Tank Farm.

6.

On or about August 18, 2019, at the beginning of his shift, Mr. Allen relieved his co-worker while a VGO barge was offloading liquid product to Tank-70003 ("T-3"). Mr. Allen was informed by his relief that T-3 will accommodate all of the product on the VGO barge. However, Mr. Allen's relief was mistaken.

7.

To prevent T-3 from overflowing, Mr. Allen opened and closed the required valves to divert the product from flowing to T-3 to Tank-70001 ("T-1"). After diverting the product flow, VGO barge personnel contacted Mr. Allen and informed him that they were having problems offloading the liquid product. Unbeknownst to Mr. Allen and not recorded in Defendant's log books, another colleague closed an in-line valve, located on the back of the VGO skid, that is normally unused and kept open.

8.

As soon as Mr. Allen discovered the problem, he opened the VGO skid valve and VGO barge personnel were able to offload all of the liquid product and "get out."

9.

Nearly one month after successfully offloading the VGO barge, on or about September 19, 2019, Defendant forwarded to Mr. Allen a "Final Warning" stating that his employment was subject to being terminated because he, allegedly, disregarded various procedures and checklists when offloading the VGO barge.

10.

Significantly, Mr. Allen received a Final Warning even though the alleged procedural violation was Mr. Allen's first offense and did not result in any damage to the liquid product. Equally as significant, Defendant did not discipline Mr. Allen's Caucasian colleague, even though, while offloading a barge, the colleague unquestionably disregarded various procedures and checklists that resulted in product damage.

11.

On or about February 2, 2020, Mr. Allen reported the disparate treatment to Defendant's Ethics Committee and informed them that he believed he was being treated differently than his

2

Caucasian colleagues. Instead of improving the terms and conditions of Mr. Allen's

employment, after complaining about his mistreatment, Mr. Allen was treated worse.

12.

Consequently, on or about April 25, 2020, Mr. Allen filed another complaint with

Defendant's Ethics Committee regarding his treatment.

13.

Rather than addressing Mr. Allen's concerns, on or about August 25, 2020, Defendant

issued Mr. Allen another Final Warning and, on or about October 6, 2020, terminated Mr.

Allen's employment.

14.

Thereafter, Mr. Allen contacted the Equal Employment Opportunity Commission

(EEOC) and filed a formal Charge of Discrimination with the EEOC, complaining of the

persistent discriminatory treatment he received via Defendant's managers, supervisors, and/or

agents, based on his race, while also alleging that he suffered unlawful retaliation.

15.

After a limited investigation, Mr. Allen received a Notice of "Right to Sue" on or about

March 8, 2021. Thus, Plaintiff has exhausted his administrative remedies and is fully authorized

to initiate this legal proceeding against the Defendant.

16.

At all times relevant herein, Defendant was and remains liable for the conduct of its

managers, employees and/or agents, under the doctrine of Respondeat Superior, as all of the

conduct alleged herein occurred in the course and scope of such managers', employees' and/or

agents' respective work duties.

17.

Upon information and belief, all of the actions complained of herein were made with

malice and/or reckless indifference to Mr. Allen's protected rights.

18.

Defendant, in violation of the Louisiana Employment Discrimination Law ("LEDL"), La.

R.S. 23:301, *et seq.*, has engaged in unlawful employment practices consisting of, but not limited

to, the intentional discriminatory terms and conditions of employment resulting in Mr. Allen

being subjected to discriminatory terms and conditions of employment which resulted in his

being disciplined and subjected to disparate treatment because of his race, thus entitling Plaintiff to money damages.

19.

As an African-American, Plaintiff is a member of a protected class based on his race.

20.

Plaintiff was fully qualified for the position of Top Operator, as demonstrated by the factual allegations set forth herein.

21.

Plaintiff suffered adverse employment actions including but not limited to ultimately being terminated from his employment with Defendant. Additionally, Plaintiff was treated less favorably than his Caucasian colleague.

22.

As a result of the unlawful actions described above, Defendant is liable unto Mr. Allen for damages, including back pay and front pay; lost benefits; mental anguish; humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and unforeseeable damages, compensatory damages; punitive damages; prejudgment interest; attorney's fees and all costs of these proceedings.

23.

Plaintiff is entitled to extraordinary, nonpecuniary damages because Defendant intended, through its agents' egregious conduct toward Plaintiff, to offend and aggrieve Plaintiff's feelings.

24.

Plaintiff demands trial by jury on all issues so triable herein.

WHEREFORE, Plaintiff, Michael W. Allen, prays that Defendant, be duly cited and required to appear and answer Plaintiff's Petition for Damages and Jury Demand and, after due proceedings had and legal delays, there be judgment rendered herein in favor of Plaintiff and against Defendant as detailed in the foregoing Petition for Damages and Jury Demand, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

{SIGNATURE BLOCK AND SERVICE INSTRUCTIONS BELOW}

4

Respectfully submitted,

G. Karl Bernard (#24294)
KARL BERNARD LAW, LLC
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088
Karlb@karlblaw.com

**Attorney for Plaintiff, Michael W. Allen**

**HOLD SERVICE**

5

_Michael Allen_

_14th_ JUDICIAL DISTRICT COURT

**VERSUS**

DOCKET NUMBER: _2021-4_ Div. _4_

_Phillips 66_

_Calcasieu_ PARISH, LOUISIANA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### In Forma Pauperis Affidavit

FILED: _6-18-21_

### All questions must be answered in full.

_Kristen Jeans_
Deputy Clerk of Court
Calcasieu Parish, Cal., 9990

**Note:** Questions 2 and 3 should not be filled in if you are seeking protection from abuse.

1. Your Full Name: _Michael Wayne Hrank_

   Social Security Number (Optional): _____   Date of Birth: ████ _1986_

   Age: _35_   Sex: _M_

2. Address: _PO Box 350      Lake Charks, LA    70602_
   (Box Number or Street Address)   (City and State)   (Zip Code)
   (See Note above)

3. Telephone Number(s): (HOME)_318 816-0216_(WORK) _____
   (See Note above)

4. Are you a Student? [ ]YES [✓]NO  If yes, please indicate the name of the school you are attending:_____  Enrollment Status: _____

5. Current Household:
   Single:[ ] Married:[ ] Separated:[✓]Divorced:[ ] Widowed:[ ] Intimate partner:[ ]
   How many children do you support who are under 18? _2_
   How many children live with you? _2_  Do you have any other dependents? _No_
   State the Name, Age and Relationship to you of the children and dependents:

   | NAME | AGE | RELATIONSHIP |
   |------|-----|--------------|
   | ████ Allen | 5 | Son |
   | ████ Allen | 2 | Son |
   |  |  |  |
   |  |  |  |

6. What is your current Occupation?_____  Are you employed?[ ]YES [✓]NO
   (If yes, please complete the following **Employer Information**)
   Name of Employer: _____
   Address: _____
   (Street Address)   (City and State)   (Zip Code)
   Telephone Number:_____  How long have you been employed?_____

   (If you are not employed, please provide information of your **last employer**)
   Name of last employer: _Phillips 66_
   Address: _2600 Old Spanish Trail Westlake, LA    70669_
   (Street Address)   (City and State)   (Zip Code)
   How long have you been unemployed? _____
   What were your monthly wages? _____

7. **Gross Income:** (a) State your gross earned income from wages and how you are paid:
   Weekly?[ ] Bi-Weekly?[ ]Monthly?[ ]   Amount month $_____

   (b) Apart from income or support listed in response to question 8(b) below, how much other income do you receive on a monthly basis?   $_____

   (c) Monthly Deductions: Federal Income Tax: $_____ FICA: $_____   $_____

   (d) Other deductions: (explain) _____

   ~~NET MONTHLY INCOME: (Add question 7 (a) + (b) less (c))   $_____~~

Filing Date: 06/18/2021 12:00 AM
Case Number: 2021-002165
Document Name: PAUPER APPLICATION
Page Count: 4

CALCASIEU CLERK-COST
JUN 18 2021 AM10:13:12

**8(a).** If you are married and live with a spouse please answer

Is your spouse employed? _____ What is the occupation of your spouse? _____

Is your spouse paid Weekly ☐ Bi-Weekly ☐ Monthly ☐ Amount/month $ _____

Name of spouse's employer: _____

Address. _____

(Street Address)          (City and State)          (Zip Code)

Telephone Number: _____ How long has spouse been employed? _____

**8(b).** Do you or your spouse receive any of the following income or support? ☐YES ☐NO

If yes, state the monthly amount   SSI $ _____   Disability $ _____

Worker's Comp $ _____   Unemployment Benefits $ _____

Food Stamps $ _____   TANF $ _____   Child Support $ _____

Spousal Support $ _____   Kinship Care Subsidy Grant $ _____   Other $ _____

If you are a client of a legal services program funded by the Legal Service Corporation or a Pro Bono Project that receives referrals from a legal services program and have a combined income from questions 7 and 8 that is less than or equal to 125% of the federal poverty level, skip all parts of question 9, and continue with question 10 on the next page.

**9. Do you own or have an interest in any of the following? (Including community property)**

| A. | VALUE OF INTEREST | BALANCE OWED |
|---|---|---|
| HOUSE | $ 180,000 | $ 160,000 |
| AUTOMOBILE | $ | $ |
| TRUCK | $ | $ |
| WATERCRAFT | $ | $ |
| LIVESTOCK | $ | $ |
| MACHINERY | $ | $ |
| STOCK | $ | |
| BONDS | $ | |
| CERTIFICATES OF DEPOSIT | $ | |
| OTHER IMMOVABLE PROPERTY | Equity $ | Debt $ |

DO YOU HAVE A BANK ACCOUNT(S)? ☑YES ☐NO   Amount in account(s): $5,000

☑CHECKING ☑SAVINGS  Name and Location of Bank: CSE Federal Credit Union

**TOTAL VALUE OF ASSETS: $ 5,000**

**B. i. List your Monthly Expenses:**

| | | |
|---|---|---|
| Rent: $ | Cable: $ 78 | Car Note: $ |
| Lot Rent: $ | Garbage: $ | Car Insurance: $ |
| House Note: $ 1,100 | Medical Insurance: $ | Transportation: $ |
| House Insurance: $ 250 | Medical Expenses: $ | Food: $ |
| Gas: $ | Dental Expenses: $ | Barber/ Beauty: $ |
| Electricity: $ 100 | Prescriptions: $ | Entertainment: $ |
| Water: $ 45 | Life Insurance: $ | Grooming Supplies: $ |
| Telephone: $ | Daycare: $ | Garnishment: $ |
| Property Taxes: $ | Child Support: $ | Other: $ |

**Total Amount of section i:** $ 1,673

**ii. Credit cards:** (List type of card and monthly payment)

| Card Name | Monthly Payment |
|---|---|
|  | $ 300 |
|  | $ |
|  | $ |
|  | $ |

**Total Amount of section ii:** $ 300

**iii. Financial Loans:** (List the financial institution and your monthly payment)

| Financial Name | Monthly Payment |
|---|---|
|  | $ |
|  | $ |
|  | $ |

**Total Amount of section iii:** $ _____

**TOTAL MONTHLY EXPENSES:** (Add 9B (i+ii+iii) =Total Monthly Expenses) $ 1975

**10. Does anyone regularly help you pay your expenses?** ☐ YES ☑ NO
(a) If yes, state that person's name and relationship to you.
Name: _____   Relationship: _____
(b). Do you have any additional income or assets that are not shown above? ☐ YES ☑ NO
**If you answered yes to either (a) or (b), please explain:**

**11. If you have an attorney, what arrangements have you made to pay your attorney's fee?**
**What amount, if any, have you paid?** (You are required to answer fully.)
I have paid $150.00 has far Monthly payment arrangments have been made for the balance

**12. Has your attorney or the Notary Public told you that you may go to jail if you
intentionally give a false answer to any of the above questions?** ☑ YES ☐ NO

## MOVER'S AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF _____**

BEFORE ME the undersigned authority personally came and appeared

_____

who, after being duly sworn, deposed and said:

1. He/She provided the information above; that the information is furnished to the court for
   the purpose of requesting permission to litigate the above captioned lawsuit without
   paying the costs in advance or as they accrue or furnishing security therefor.

2. That the above information is a true and correct statement of his/her financial condition.

3. That the pleading and all allegations of fact therein are true and correct; and that
   because of his/her poverty and want of means, he/she is unable to pay the costs of court
   in advance or as they accrue, nor is he/she able to provide security therefor.

4. He/She has read and understands the privilege contained in the notice below.

## NOTICE

Although you may be granted the privilege of proceeding without prepayment of costs,
**SHOULD JUDGMENT BE RENDERED AGAINST YOU, YOUR STATUS AS A
PAUPER DOES NOT RELIEVE YOU OF THE OBLIGATION TO PAY THESE COSTS**

   The privilege to proceed *IN FORMA PAUPERIS* is restricted to litigants who are clearly
entitled to do so, with due regard to the nature of the proceeding, the court costs which otherwise
would have to be paid, and the ability of the litigant to pay them or to furnish security therefor,
so that the indiscriminate filing of lawsuits may be discouraged, without depriving a litigant of
the benefit of proceeding *in forma pauperis* if he/she is entitled to do so.

_____
Mover's Signature

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in _____,
Louisiana, this _____ day of _____, 200___.

_____
**NOTARY PUBLIC**

Revised October 2003

## THIRD PARTY AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF** _____

BEFORE ME, personally came and appeared _____
who, after being sworn, deposed and said that he she knows _____
well and that he she knows that because of his her poverty and want of means, he she is unable
to pay the costs of court in advance or as they accrue, nor is he she able to provide bond therefor.

_____
Signature of Witness

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in
Louisiana, this _____ day of _____, 200__

_____
NOTARY PUBLIC

## LEGAL SERVICE PROGRAMS' DECLARATION

I ATTEST that I am a duly authorized representative of a Legal Services Program funded
by the Legal Service Corporation or a Pro Bono Project that receives referrals from one of these
Legal Service Programs, and that_____ has produced evidence
that he she receives public assistance benefits, or that he she has qualified to receive free legal
services based on his/her income being less than or equal to 125% of the federal poverty level
and therefore is entitled to a rebuttable presumption that he she is entitled to the privilege of
litigating without prior payment of costs.

_____
Legal Services Program or Pro Bono Project Representative

## ORDER

Considering the foregoing Pleading and Affidavits:
let **Michael W. Allen** prosecute or defend this litigation in accordance with
Louisiana Code of Civil Procedure, Article 5181, et. seq., without paying the costs in advance or
as they accrue or furnishing security therefor.

THUS, READ AND SIGNED, this **22nd** day of **June**, **2021**, in
**Lake Charles**, Louisiana.

_____
DISTRICT JUDGE
**Kendrick J. Guidry**

*The Law Office Of*
# KARL BERNARD LAW, LLC
ATTORNEYS AT LAW//EST. JULY, 1998

*NEW ORLEANS OFFICE:*
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112

Office: (504) 412-9953
Facsimile: (504) 412-8088
karlb@karlblaw.com
www.karlbernardlaw.com

June 10, 2021

<u>**VIA FACSIMILE – (337) 437-3350**</u>
<u>**and UNITED STATES MAIL:**</u>

Mr. H. Lynn Jones
Clerk of Court
14th Judicial Court, Parish of Calcasieu
P.O. Box 1030
Lake Charles, Louisiana 70602

RE:    *Michael Allen v. Phillips 66*
          14th JDC, Parish of Calcasieu, State of Louisiana

Dear Mr. Jones:

Please find enclosed Plaintiff's *Motion to Proceed In Forma Pauperis* regarding the above referenced matter. Kindly note, the Affidavit was returned to our office due to being partially executed. At your earliest convenience, please confirm receipt of same and the filing and service fee amounts due.

Upon receipt of the facsimile confirmation from your office, the original will be forwarded via United States Mail, along with a check to cover your filing fee, and a self-addressed stamped envelope to return a confirmed copy of the In Forma Pauperis Affidavit to our office.

Should you have any questions, please do not hesitate to contact our office. Your cooperation is appreciated.

With kindest regards,

Jessica Franklin
*Receptionist*

JMF/jmf
Enclosures (1)

CALCASIEU CLERK-COST
JUN 18 2021 AM 10:13:05

14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU

STATE OF LOUISIANA

NO. 2021-2166                                    DIVISION: " " H

SCANNED            MICHAEL W. ALLEN

JUL - 9 2021              VERSUS

PHILLIPS 66

FILED: 11-18-21                           BY: Kristen Lewis
                                             DEPUTY CLERK

## PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Michael W. Allen, Plaintiff herein, who respectfully asserts claims against Defendant, Phillips 66, alleging the following:

1.

The Plaintiff bringing this action is Michael W. Allen (hereinafter "Mr. Allen" or "Allen"), an African-American male of the full age of majority who resides and is domiciled in Calcasieu Parish, State of Louisiana.

2.

Made Defendant herein is Phillips 66 (hereinafter "Phillips"), a foreign corporation with its principal place of business in Houston, Texas and has and is doing business in the Parish of Calcasieu, State of Louisiana. At all times relevant to this lawsuit, Defendant, Phillips, was the employer of Plaintiff, Michael Allen.

3.

Throughout Plaintiff's employment with Defendant, Plaintiff performed his respective job duties without complaint and carried out his responsibilities in strict compliance with Defendant's policies and procedures.

4.

Notwithstanding Plaintiff's job performance, Defendant, without lawful reason, explanation or justification, discriminated against Plaintiff on the basis of his race.

5.

In or about April, 2014, Plaintiff Allen was hired by Phillips.  At all times relevant, Mr. Allen was employed as a Top Operator.  His job duties and responsibilities included off-loading

PROCESSED
Date:          2021          CALCASIEU CLERK-COST
                                  JUN 18 2021 AM 10:12:18
Filing Date: 06/18/2021 12:00 AM          Page Count: 5
Case Number: 2021-002166
Document Name: PETITION

CALCASIEU CLERK-COST
JUN 23 2021 PM03:27:30

liquid product from commercial barges to various assigned tanks on Defendant's Excel Tank Farm.

6.

On or about August 18, 2019, at the beginning of his shift, Mr. Allen relieved his co-worker while a VGO barge was offloading liquid product to Tank-70003 ("T-3"). Mr. Allen was informed by his relief that T-3 will accommodate all of the product on the VGO barge. However, Mr. Allen's relief was mistaken.

7.

To prevent T-3 from overflowing, Mr. Allen opened and closed the required valves to divert the product from flowing to T-3 to Tank-70001 ("T-1"). After diverting the product flow, VGO barge personnel contacted Mr. Allen and informed him that they were having problems offloading the liquid product. Unbeknownst to Mr. Allen and not recorded in Defendant's log books, another colleague closed an in-line valve, located on the back of the VGO skid, that is normally unused and kept open.

8.

As soon as Mr. Allen discovered the problem, he opened the VGO skid valve and VGO barge personnel were able to offload all of the liquid product and "get out."

9.

Nearly one month after successfully offloading the VGO barge, on or about September 19, 2019, Defendant forwarded to Mr. Allen a "Final Warning" stating that his employment was subject to being terminated because he, allegedly, disregarded various procedures and checklists when offloading the VGO barge.

10.

Significantly, Mr. Allen received a Final Warning even though the alleged procedural violation was Mr. Allen's first offense and did not result in any damage to the liquid product. Equally as significant, Defendant did not discipline Mr. Allen's Caucasian colleague, even though, while offloading a barge, the colleague unquestionably disregarded various procedures and checklists that resulted in product damage.

11.

On or about February 2, 2020, Mr. Allen reported the disparate treatment to Defendant's Ethics Committee and informed them that he believed he was being treated differently than his

Caucasian colleagues.  Instead of improving the terms and conditions of Mr. Allen's

employment, after complaining about his mistreatment, Mr. Allen was treated worse.

12.

Consequently, on or about April 25, 2020, Mr. Allen filed another complaint with

Defendant's Ethics Committee regarding his treatment.

13.

Rather than addressing Mr. Allen's concerns, on or about August 25, 2020, Defendant

issued Mr. Allen another Final Warning and, on or about October 6, 2020, terminated Mr.

Allen's employment.

14.

Thereafter, Mr. Allen contacted the Equal Employment Opportunity Commission

(EEOC) and filed a formal Charge of Discrimination with the EEOC, complaining of the

persistent discriminatory treatment he received via Defendant's managers, supervisors, and/or

agents, based on his race, while also alleging that he suffered unlawful retaliation.

15.

After a limited investigation, Mr. Allen received a Notice of "Right to Sue" on or about

March 8, 2021. Thus, Plaintiff has exhausted his administrative remedies and is fully authorized

to initiate this legal proceeding against the Defendant.

16.

At all times relevant herein, Defendant was and remains liable for the conduct of its

managers, employees and/or agents, under the doctrine of Respondeat Superior, as all of the

conduct alleged herein occurred in the course and scope of such managers', employees' and/or

agents' respective work duties.

17.

Upon information and belief, all of the actions complained of herein were made with

malice and/or reckless indifference to Mr. Allen's protected rights.

18.

Defendant, in violation of the Louisiana Employment Discrimination Law ("LEDL"), La.

R.S. 23:301, *et seq.*, has engaged in unlawful employment practices consisting of, but not limited

to, the intentional discriminatory terms and conditions of employment resulting in Mr. Allen

being subjected to discriminatory terms and conditions of employment which resulted in his

being disciplined and subjected to disparate treatment because of his race, thus entitling Plaintiff

to money damages.

19.

As an African-American, Plaintiff is a member of a protected class based on his race.

20.

Plaintiff was fully qualified for the position of Top Operator, as demonstrated by the

factual allegations set forth herein.

21.

Plaintiff suffered adverse employment actions including but not limited to ultimately

being terminated from his employment with Defendant.  Additionally, Plaintiff was treated less

favorably than his Caucasian colleague.

22.

As a result of the unlawful actions described above, Defendant is liable unto Mr. Allen

for damages, including back pay and front pay; lost benefits; mental anguish; humiliation and

embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and unforeseeable

damages, compensatory damages; punitive damages; prejudgment interest; attorney's fees and

all costs of these proceedings.

23.

Plaintiff is entitled to extraordinary, nonpecuniary damages because Defendant intended,

through its agents' egregious conduct toward Plaintiff, to offend and aggrieve Plaintiff's feelings.

24.

Plaintiff demands trial by jury on all issues so triable herein.

WHEREFORE, Plaintiff, Michael W. Allen, prays that Defendant, be duly cited and

required to appear and answer Plaintiff's Petition for Damages and Jury Demand and, after due

proceedings had and legal delays, there be judgment rendered herein in favor of Plaintiff and

against Defendant as detailed in the foregoing Petition for Damages and Jury Demand, in an

amount reasonable in the premises, together with legal interest from the date of judicial demand,

all costs of these proceedings, attorneys' fees and for any and all general and equitable relief

deemed appropriate by this Honorable Court under the circumstances.

{SIGNATURE BLOCK AND SERVICE INSTRUCTIONS BELOW}

Respectfully submitted,

G. Karl Bernard (#24294)
KARL BERNARD LAW, LLC
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088
Karlb@karlblaw.com

**Attorney for Plaintiff, Michael W. Allen**

**HOLD SERVICE**

# H. Lynn Jones II

Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Fax: 337-437-3350

**STATEMENT**

To:  G KARL BERNARD
1615 POYDRAS STREET SUITE 220
New Orleans, LA 70112

In Re:  MICHAEL W ALLEN
VS.
PHILLIPS 66

Date:  06/20/2021

Case Number:  2021-002166

| STATEMENT NUMBER | CASE NUMBER | AMOUNT DUE |
|---|---|---|
| 1455311 | 2021-002166 | $89.00 |

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 06/20/2021 | Your costs in above entitled numbered matter | $89.00 |
| | Less Advance Deposit | $0.00 |
| | Less Refunds | $0.00 |
| | Balance Due | $89.00 |

This Statement is for your court costs in the above captioned matter. PAYMENT IS DUE AT THIS TIME. You may contact our office during regular office hours to discuss or make payment arrangements. Credit cards are accepted.
FAILURE TO MAKE PAYMENT will result in this office taking further action to collect as allowed by law including but not limited to relief through the LA Dept. of Revenue – Office of Debt Recovery Per R.S. 47:1676.

--------------------------------------------------------------------------------

Send Remittance Portion with your payment to:
Calcasieu Parish Clerk of Court  P.O. Box 1030  Lake Charles, LA 70602

| | | |
|---|---|---|
| Statement: 1455311 | Case:  2021-002166 | Amount Due:  $89.00 |
| Party:  MICHAEL W ALLEN | Due Date:  07/20/2021 | |
| P001 | | |
| | Payment Enclosed: _____ | |
| | Cash ☐      Check ☐ | |

Contact Billing at 337-437-3550 with any questions regarding your Statement.

# H. Lynn Jones II

Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Fax: 337-437-3350

**STATEMENT**

To:  G KARL BERNARD
1615 POYDRAS STREET SUITE 220
New Orleans, LA 70112

In Re:  MICHAEL W ALLEN
VS.
PHILLIPS 66

Date: 06/23/2021

Case Number:  2021-002166

| STATEMENT NUMBER | CASE NUMBER | AMOUNT DUE |
|---|---|---|
| 1459928 | 2021-002166 | $235.50 |

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 06/23/2021 | Your costs in above entitled numbered matter | $235.50 |
| | Less Advance Deposit | $0.00 |
| | Less Refunds | $0.00 |
| | Balance Due | $235.50 |

This Statement is for your court costs in the above captioned matter. PAYMENT IS DUE AT THIS TIME. You may contact our office during regular office hours to discuss or make payment arrangements. Credit cards are accepted.
FAILURE TO MAKE PAYMENT will result in this office taking further action to collect as allowed by law including but not limited to relief through the LA Dept. of Revenue – Office of Debt Recovery Per R.S. 47:1676.

----------------------------------------------------------------------------------------------------------------------
Send Remittance Portion with your payment to:
Calcasieu Parish Clerk of Court  P.O. Box 1030  Lake Charles, LA 70602

| | | |
|---|---|---|
| Statement: 1459928 | Case: 2021-002166 | Amount Due: $235.50 |
| Party: MICHAEL W ALLEN | Due Date: 07/23/2021 | |
| P001 | | |
| | Payment Enclosed: _____ | |
| | Cash ☐      Check ☐ | |

Contact Billing at 337-437-3550 with any questions regarding your Statement.

14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU

STATE OF LOUISIANA

NO. 2021-2166                                    DIVISION: "H"

MICHAEL W. ALLEN

VERSUS

PHILLIPS 66

FAX
FILED: _9-15-21_                       BY: _Kristen Sewell_
                                          DEPUTY CLERK

**PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES**

    **NOW INTO COURT**, through undersigned counsel, comes Michael W. Allen, Plaintiff

herein, who respectfully files this First Supplemental and Amended Petition for Damages,

averring the following:

1.

    The Plaintiff bringing this action is Michael W. Allen (hereinafter "Mr. Allen" or

"Allen"), an African-American male of the full age of majority who resides and is domiciled in

Calcasieu Parish, State of Louisiana.

2.

    Made Defendant herein is Phillips 66 (hereinafter "Phillips"), a foreign corporation with

its principal place of business in Houston, Texas and has and is doing business in the Parish of

Calcasieu, State of Louisiana. At all times relevant to this lawsuit, Defendant, Phillips, was the

employer of Plaintiff, Michael Allen.

3.

    Throughout Plaintiff's employment with Defendant, Plaintiff performed his respective

job duties without complaint and carried out his responsibilities in strict compliance with

Defendant's policies and procedures.

4.

    Notwithstanding Plaintiff's job performance, Defendant, without lawful reason,

explanation or justification, discriminated against Plaintiff on the basis of his race.

5.

    In or about April, 2014, Plaintiff Allen was hired by Phillips.  At all times relevant, Mr.

Allen was employed as a Top Operator.  His job duties and responsibilities included off-loading

liquid product from commercial barges to various assigned tanks on Defendant's Excel Tank Farm.

6.

On or about August 18, 2019, at the beginning of his shift, Mr. Allen relieved his co-worker while a VGO barge was offloading liquid product to Tank-70003 ("T-3"). Mr. Allen was informed by his relief that T-3 will accommodate all of the product on the VGO barge. However, Mr. Allen's relief was mistaken.

7.

To prevent T-3 from overflowing, Mr. Allen opened and closed the required valves to divert the product from flowing to T-3 to Tank-70001 ("T-1"). After diverting the product flow, VGO barge personnel contacted Mr. Allen and informed him that they were having problems offloading the liquid product. Unbeknownst to Mr. Allen and not recorded in Defendant's log books, another colleague closed an in-line valve, located on the back of the VGO skid, that is normally unused and kept open.

8.

As soon as Mr. Allen discovered the problem, he opened the VGO skid valve and VGO barge personnel were able to offload all of the liquid product and "get out."

9.

Nearly one month after successfully offloading the VGO barge, on or about September 19, 2019, Defendant forwarded to Mr. Allen a "Final Warning" stating that his employment was subject to being terminated because he, allegedly, disregarded various procedures and checklists when offloading the VGO barge.

10.

Significantly, Mr. Allen received a Final Warning even though the alleged procedural violation was Mr. Allen's first offense and did not result in any damage to the liquid product. Equally as significant, Defendant did not discipline Mr. Allen's Caucasian colleague, even though, while offloading a barge, the colleague unquestionably disregarded various procedures and checklists that resulted in product damage.

11.

On or about February 2, 2020, Mr. Allen reported the disparate treatment to Defendant's Ethics Committee and informed them that he believed he was being treated differently than his

2

Caucasian colleagues.  Instead of improving the terms and conditions of Mr. Allen's

employment, after complaining about his mistreatment, Mr. Allen was treated worse.

12.

Consequently, on or about April 25, 2020, Mr. Allen filed another complaint with

Defendant's Ethics Committee regarding his treatment.

13.

Rather than addressing Mr. Allen's concerns, on or about August 25, 2020, Defendant

issued Mr. Allen another Final Warning and, on or about October 6, 2020, terminated Mr.

Allen's employment.

14.

Plaintiff's claims are based upon the Civil Rights Act of 1886, as amended, 42 U.S.C.

§1981 (1994), *et. seq.*, and other claims asserted herein that are founded in the law of the State of

Louisiana.

15.

Defendant has engaged in actions and practices constituting violations of the Civil Rights

Act of 1866, as amended, 42 U.S.C. §1981 (1994), *et seq.* including, but not limited to,

subjecting Plaintiff to intentional race-based employment discrimination and retaliation.

16.

At all times relevant herein, Defendant was and remains liable for the conduct of its

managers, employees and/or agents, under the doctrine of Respondeat Superior, as all of the

conduct alleged herein occurred in the course and scope of such managers', employees' and/or

agents' respective work duties.

17.

Upon information and belief, all of the actions complained of herein were made with

malice and/or reckless indifference to Mr. Allen's protected rights.

18.

As an African-American, Plaintiff is a member of a protected class based on his race.

20.

Plaintiff was fully qualified for the position of Top Operator, as demonstrated by the

factual allegations set forth herein.

3

21.

Plaintiff suffered adverse employment actions including but not limited to ultimately being terminated from his employment with Defendant in retaliation for opposing workplace discrimination.

22.

As a result of the unlawful actions described above, Defendant is liable unto Mr. Allen for damages, including back pay and front pay; lost benefits; mental anguish; humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and unforeseeable damages, compensatory damages; punitive damages; prejudgment interest; attorney's fees and all costs of these proceedings.

23.

Plaintiff is entitled to extraordinary, nonpecuniary damages because Defendant intended, through its agents' egregious conduct toward Plaintiff, to offend and aggrieve Plaintiff's feelings.

24.

Plaintiff demands trial by jury on all issues so triable herein.

WHEREFORE, Plaintiff, Michael W. Allen, prays that Defendant, be duly cited and required to appear and answer the First Supplemental and Amended Petition for Damages and Jury Demand and, after all legal delays and due proceedings had, there be judgment rendered herein in favor of Plaintiff and against Defendants as detailed in the foregoing First Supplemental and Amended Petition for Damages and Jury Demand, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

{SIGNATURE BLOCK AND SERVICE INSTRUCTIONS BELOW}

Respectfully submitted,

G. Karl Bernard (#24294)
KARL BERNARD LAW, LLC
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088
Karlb@karlblaw.com

**Attorney for Plaintiff, Michael W. Allen**

**PLEASE SERVE**

**PHILLIPS 66**
*Through its Registered Agent*
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

*The Law Office Of*
# KARL BERNARD LAW, LLC
ATTORNEYS AT LAW//EST. JULY, 1998

*NEW ORLEANS OFFICE:*
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112

Office: (504) 412-9953
Facsimile: (504) 412-8088
karlb@karlblaw.com
www.karlbernardlaw.com

September 15, 2021

**VIA FACSIMILE – (337) 437-3206**
**and UNITED STATES MAIL:**

Mr. H. Lynn Jones
Clerk of Court
14th Judicial Court, Parish of Calcasieu
P.O. Box 1030
Lake Charles, Louisiana 70602

P1
Fax 9-15-21
Kristen Semus

RE:   Amended Petition for Damages
      *Michael Allen v. Phillips 66*
      14th JDC, Parish of Calcasieu, State of Louisiana
      Docket No.: 2021-2166, Section "H"

Dear Mr. Jones:

Please find the enclosed Amended Petition for Damages in the above referenced matter. At your earliest convenience, please confirm receipt of same and the filing and service fee amounts due.

Please serve the Amended Petition for Damages in the above referenced matter upon the following Defendants:

1.  Phillip 66
    *Through Its Registered Agent:*
    Corporation Service Company
    501 Louisiana Avenue
    Baton Rouge, LA 70802

Upon receipt of the facsimile confirmation from your office, the original and a copy of the petition will be forwarded via United States Mail, along with a check to cover your filing fee, and a self-addressed stamped envelope to return a confirmed copy of the petition to our office.

Should you have any questions, please do not hesitate to contact our office. Your cooperation is appreciated.

With kindest regards,

Julian Bernard
*Legal Assistant*

JGB/jgb
Enclosure (1)

*Bernard Law*

P. 1

\* \* \* COMMUNICATION RESULT REPORT ( SEP. 16. 2021  8:44AM ) \* \* \*

FAX HEADER 1:  CAL CLERKS OFFICE
FAX HEADER 2:

TRANSMITTED/STORED : SEP. 16. 2021  8:43AM

| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|-----------|--------|---------|--------|------|
| 6436 MEMORY TX | | 5044128088 | OK | 1/1 |

REASON FOR ERROR
E 1) HANG UP OR LINE FAIL          E 2) BUSY
E 3) NO ANSWER                     E 4) NO FACSIMILE CONNECTION

## FAX FILED

## PLEASE PUT A COPY OF THE FAX CONFIRMATION ON TOP OF YOUR ORIGINAL, AND YOUR PAYMENT WITHIN 7 DAYS

### H. LYNN JONES II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

*Fax 9-15-21*
*Kristen Semus*

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Main Fax 337-437-3350

To: G. *Karl Bernard*          From:   JO ANN HANKS

Fax: *504. 412. 8088*          Pages:  *1*     Including Cover

Phone:                          Date:   *9.15.21*

Re:   FAX CONFIRMATION          Return Fax:   337-437-3206

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

• **Comments:**
WE RECEIVED YOUR FAX FILING OF *1st S/A Petition* IN CASE
NUMBER *2021-2166* AND IT WILL BE FILED FOR THE DATE ABOVE.

FAX FILING COSTS FOR THE PLEADING FILED ABOVE IS $ *233.00* .
_____ INCLUDING EXHIBITS
✓ NOT INCLUDING EXHIBITS

PLEASE NOTE: EXHIBITS NOT FAXED WITH PLEADING WILL BE FILED FOR THE DATE
ORIGINAL IS RECEIVED.

YOU MUST FORWARD THE ORIGINAL, TOGETHER WITH A COPY OF THIS FAX CONFIRMATION,
AND YOUR PAYMENT WITHIN 7 DAYS.

*Re: Allen vs Phillips 66*

THANKS,

JO ANN HANKS
DEPUTY CLERK OF COURT
COST DEPARTMENT
337-437-3550, EXT. 141

## FAX FILED

## PLEASE PUT A COPY OF THE FAX CONFIRMATION ON TOP OF YOUR ORIGINAL, AND YOUR PAYMENT WITHIN 7 DAYS

### H. LYNN JONES II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Main Fax 337-437-3350

| To: G. Karl Bernard | | From: | JO ANN HANKS |
|---|---|---|---|
| Fax: 504. 42. 8088 | | Pages: 1 | Including Cover |
| Phone: | | Date: 9.15.21 | |
| Re: FAX CONFIRMATION | | Return Fax: | 337-437-3206 |

☐Urgent     ☐For Review     ☐Please Comment     ☐Please Reply     ☐Please Recycle

• **Comments:**
    WE RECEIVED YOUR FAX FILING OF 1st S|A Petition                IN CASE
NUMBER 2021 - 2166        AND IT WILL BE FILED FOR THE DATE ABOVE.

FAX FILING COSTS FOR THE PLEADING FILED ABOVE IS $ 233.00 .
_____ INCLUDING EXHIBITS
___✓___ NOT INCLUDING EXHIBITS

**PLEASE NOTE: EXHIBITS NOT FAXED WITH PLEADING WILL BE FILED FOR THE DATE
ORIGINAL IS RECEIVED.**

YOU MUST FORWARD THE ORIGINAL, **TOGETHER WITH A COPY OF THIS FAX CONFIRMATION,**
AND YOUR PAYMENT WITHIN 7 DAYS.

Re: allen
vs
Phillips 66

THANKS,

JO ANN HANKS
DEPUTY CLERK OF COURT
COST DEPARTMENT
337-437-3550, EXT. 141

Fax CONFIRMATION jo ann

Sep 15 2021 6:00pm   Karl Bernard Law LLC                    5044128088                    p.1

*The Law Office Of*
# KARL BERNARD LAW, LLC
ATTORNEYS AT LAW // EST. JULY, 1998

## Fax Transmittal

| Date: September 15, 2021 | No. of Pages: (Including Cover): *8* |
|---|---|

To: Mr. H. Lynn Jones, Clerk of Court

Company Fax: (337) 437-3206                 Fax 9-16-21
                                            *Kristen Lewis*

### CONFIDENTIALITY NOTICE:

This Facsimile transmission (and the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. It is intended only for use by the person(s) to whom it is addressed. If you are not the intended recipient you are hereby notified that any disclosure, copying, distribution of or taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone to arrange for the return of the documents.

From:  Karl Bernard Law, LLC

Re:  *Michael Allen v. Phillips 66*
     *14th JDC for the Parish of Calcasieu*
     *Amended Petition for Damages*

Comments:  See attached

                                            CALCASIEU CLERK-COST
                                            SEP 16 2021 AM8:41:34

Filing Date: 09/15/2021 12:00 AM          Page Count: 8
Case Number: 2021-002166
Document Name: FAX FILE FEE

*1615 Poydras Street  ▫  Suite 101 ▫  New Orleans, LA  70112  ▫ 504-412-9953  ▫  Fax 504-412-8088*

RECEIVED TIME SEP. 15.  6:05PM

Sep 15 2021 6:00pm   Karl Bernard Law LLC                                5044128088                    p.2

*The Law Office Of*
# KARL BERNARD LAW, LLC
ATTORNEYS AT LAW//EST. JULY, 1998

*NEW ORLEANS OFFICE:*
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112

Office: (504) 412-9953
Facsimile: (504) 412-8088
karlb@karlblaw.com
www.karlbernardlaw.com

September 15, 2021

**VIA FACSIMILE – (337) 437-3206**
**and UNITED STATES MAIL:**

Mr. H. Lynn Jones
Clerk of Court
14th Judicial Court, Parish of Calcasieu
P.O. Box 1030
Lake Charles, Louisiana 70602

        RE:    Amended Petition for Damages
                *Michael Allen v. Phillips 66*
                14th JDC, Parish of Calcasieu, State of Louisiana
                Docket No.: 2021-2166, Section "H"

Dear Mr. Jones:

     Please find the enclosed Amended Petition for Damages in the above referenced matter.  At your earliest convenience, please confirm receipt of same and the filing and service fee amounts due.

     Please serve the Amended Petition for Damages in the above referenced matter upon the following Defendants:

1.  Phillip 66
    *Through Its Registered Agent:*
    Corporation Service Company
    501 Louisiana Avenue
    Baton Rouge, LA 70802

     Upon receipt of the facsimile confirmation from your office, the original and a copy of the petition will be forwarded via United States Mail, along with a check to cover your filing fee, and a self-addressed stamped envelope to return a confirmed copy of the petition to our office.

     Should you have any questions, please do not hesitate to contact our office.  Your cooperation is appreciated.

RECEIVED TIME  SEP. 15.  6:05PM

With kindest regards,

Julian Bernard
*Legal Assistant*

JGB/jgb
Enclosure (1)

14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU

STATE OF LOUISIANA

NO. 2021-2166                                                        DIVISION: "H"

MICHAEL W. ALLEN

VERSUS

PHILLIPS 66

Fax
FILED: ___9-15-21___                              BY: _Kristen Sams_
                                                          DEPUTY CLERK

### PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Michael W. Allen, Plaintiff

herein, who respectfully files this First Supplemental and Amended Petition for Damages,

averring the following:

1.

The Plaintiff bringing this action is Michael W. Allen (hereinafter "Mr. Allen" or

"Allen"), an African-American male of the full age of majority who resides and is domiciled in

Calcasieu Parish, State of Louisiana.

2.

Made Defendant herein is Phillips 66 (hereinafter "Phillips"), a foreign corporation with

its principal place of business in Houston, Texas and has and is doing business in the Parish of

Calcasieu, State of Louisiana. At all times relevant to this lawsuit, Defendant, Phillips, was the

employer of Plaintiff, Michael Allen.

3.

Throughout Plaintiff's employment with Defendant, Plaintiff performed his respective

job duties without complaint and carried out his responsibilities in strict compliance with

Defendant's policies and procedures.

4.

Notwithstanding Plaintiff's job performance, Defendant, without lawful reason,

explanation or justification, discriminated against Plaintiff on the basis of his race.

5.

In or about April, 2014, Plaintiff Allen was hired by Phillips.  At all times relevant, Mr.

Allen was employed as a Top Operator.  His job duties and responsibilities included off-loading

1

liquid product from commercial barges to various assigned tanks on Defendant's Excel Tank Farm.

6.

On or about August 18, 2019, at the beginning of his shift, Mr. Allen relieved his co-worker while a VGO barge was offloading liquid product to Tank-70003 ("T-3"). Mr. Allen was informed by his relief that T-3 will accommodate all of the product on the VGO barge. However, Mr. Allen's relief was mistaken.

7.

To prevent T-3 from overflowing, Mr. Allen opened and closed the required valves to divert the product from flowing to T-3 to Tank-70001 ("T-1"). After diverting the product flow, VGO barge personnel contacted Mr. Allen and informed him that they were having problems offloading the liquid product. Unbeknownst to Mr. Allen and not recorded in Defendant's log books, another colleague closed an in-line valve, located on the back of the VGO skid, that is normally unused and kept open.

8.

As soon as Mr. Allen discovered the problem, he opened the VGO skid valve and VGO barge personnel were able to offload all of the liquid product and "get out."

9.

Nearly one month after successfully offloading the VGO barge, on or about September 19, 2019, Defendant forwarded to Mr. Allen a "Final Warning" stating that his employment was subject to being terminated because he, allegedly, disregarded various procedures and checklists when offloading the VGO barge.

10.

Significantly, Mr. Allen received a Final Warning even though the alleged procedural violation was Mr. Allen's first offense and did not result in any damage to the liquid product. Equally as significant, Defendant did not discipline Mr. Allen's Caucasian colleague, even though, while offloading a barge, the colleague unquestionably disregarded various procedures and checklists that resulted in product damage.

11.

On or about February 2, 2020, Mr. Allen reported the disparate treatment to Defendant's Ethics Committee and informed them that he believed he was being treated differently than his

2

Sep 15 2021 6:00pm   Karl Bernard Law LLC                          5044128088                    p.6

Caucasian colleagues.  Instead of improving the terms and conditions of Mr. Allen's

employment, after complaining about his mistreatment, Mr. Allen was treated worse.

12.

Consequently, on or about April 25, 2020, Mr. Allen filed another complaint with

Defendant's Ethics Committee regarding his treatment.

13.

Rather than addressing Mr. Allen's concerns, on or about August 25, 2020, Defendant

issued Mr. Allen another Final Warning and, on or about October 6, 2020, terminated Mr.

Allen's employment.

14.

Plaintiff's claims are based upon the Civil Rights Act of 1886, as amended, 42 U.S.C.

§1981 (1994), *et. seq.*, and other claims asserted herein that are founded in the law of the State of

Louisiana.

15.

Defendant has engaged in actions and practices constituting violations of the Civil Rights

Act of 1866, as amended, 42 U.S.C. §1981 (1994), *et seq.* including, but not limited to,

subjecting Plaintiff to intentional race-based employment discrimination and retaliation.

16.

At all times relevant herein, Defendant was and remains liable for the conduct of its

managers, employees and/or agents, under the doctrine of Respondeat Superior, as all of the

conduct alleged herein occurred in the course and scope of such managers', employees' and/or

agents' respective work duties.

17.

Upon information and belief, all of the actions complained of herein were made with

malice and/or reckless indifference to Mr. Allen's protected rights.

18.

As an African-American, Plaintiff is a member of a protected class based on his race.

20.

Plaintiff was fully qualified for the position of Top Operator, as demonstrated by the

factual allegations set forth herein.

3

21.

Plaintiff suffered adverse employment actions including but not limited to ultimately being terminated from his employment with Defendant in retaliation for opposing workplace discrimination.

22.

As a result of the unlawful actions described above, Defendant is liable unto Mr. Allen for damages, including back pay and front pay; lost benefits; mental anguish; humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and unforeseeable damages, compensatory damages; punitive damages; prejudgment interest; attorney's fees and all costs of these proceedings.

23.

Plaintiff is entitled to extraordinary, nonpecuniary damages because Defendant intended, through its agents' egregious conduct toward Plaintiff, to offend and aggrieve Plaintiff's feelings.

24.

Plaintiff demands trial by jury on all issues so triable herein.

WHEREFORE, Plaintiff, Michael W. Allen, prays that Defendant, be duly cited and required to appear and answer the First Supplemental and Amended Petition for Damages and Jury Demand and, after all legal delays and due proceedings had, there be judgment rendered herein in favor of Plaintiff and against Defendants as detailed in the foregoing First Supplemental and Amended Petition for Damages and Jury Demand, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

{SIGNATURE BLOCK AND SERVICE INSTRUCTIONS BELOW}

4

Respectfully submitted,

G. Karl Bernard (#24294)
KARL BERNARD LAW, LLC
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088
Karlb@karlblaw.com

**Attorney for Plaintiff, Michael W. Allen**

**PLEASE SERVE**

**PHILLIPS 66**
*Through its Registered Agent*
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

5

Notice of Service



MICHAEL W ALLEN
VS.    2021-002166
PHILLIPS 66

14ᵗʰ Judicial District Court
State of Louisiana
Parish of Calcasieu

TO:   G KARL BERNARD
      1615 POYDRAS STREET SUITE 220
      New Orleans, LA  70112

Service issued to: PHILLIPS 66/CORP SERV COMP

Date of Service:  11/29/2021

Number of Service:  1

Personal/Domiciliary:  PERSONAL SERVICE

Pleading served:      1600 CITATION

Issued by the Clerk of Court on the 8th day of December 2021.

*Lori B. Bruney*

Lori Bruney
Deputy Clerk

*Pauper*

Citation

| | | |
|---|---|---|
| MICHAEL W ALLEN | | 14ᵗʰ Judicial District Court |
| VS.   2021-002166 | | State of Louisiana |
| PHILLIPS 66 | | Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:  PHILLIPS 66
      THROUGH      ITS      REGISTERED
      AGENT   CORPORATION   SERVICE
      COMPANY
      501 LOUISIANA AVENUE
      Baton Rouge, LA 70802

FILED   DEC 0 8 2021

*Lori Brumey*
Deputy Clerk of Court
Calcasieu Parish, Louisiana

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of MICHAEL W ALLEN, (PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 15th day of September 2021.

Issued and delivered November 18, 2021

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ATTACHED HERETO AND MADE A PART HEREOF.

SCANNED

DEC 0 8 2021

_____

*Kimberly Poullard*

Kimberly Poullard

Deputy Clerk of Court

------------------------------------------------------------------------------------------

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE    $ 30.00                    BY: _____
                                          Deputy Sheriff
MILEAGE    $ 3.12

TOTAL $ 33.12

Party No.    P001

I made service on the named party through the
CORPORATION SERVICE COMPANY

NOV 2 9 2021

by tendering a copy of this document to
MELISSA ????

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

RECEIVED
DATE

NOV 2 4 2021

E.B.R. Sheriff Office

C M S 7 7 6 4 0 4 6
Filing Date: 11/18/2021 10:18 AM      Page Count: 1
Case Number: 2021-002166
Document Name: 1600 Citation

[ Original Copy ]
CMS0085                                              Page 1 of 1



| MICHAEL W ALLEN | Citation | 14ᵗʰ Judicial District Court |
|---|---|---|
| VS.    2021-002166 | | State of Louisiana |
| PHILLIPS 66 | | Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:   PHILLIPS 66
      THROUGH    ITS    REGISTERED
      AGENT CORPORATION SERVICE
      COMPANY
      501 LOUISIANA AVENUE
      Baton Rouge, LA  70802

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of MICHAEL W ALLEN, (PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 15th day of September 2021.

Issued and delivered November 18, 2021

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ATTACHED HERETO AND MADE A PART HEREOF.

*Kimberly Poullard*

Kimberly Poullard

Deputy Clerk of Court

-------------------------------------------- SERVICE INFORMATION --------------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE    $_____          BY:   _____
                                       Deputy Sheriff
MILEAGE    $_____

TOTAL  $_____

Party No.    P001

Filing Date: 11/18/2021 10:18 AM          Page Count: 1
Case Number: 2021-002166
Document Name: 1600 Citation

[ File Copy ]
CMS0085                                                    Page 1 of 1

Citation



| MICHAEL W ALLEN | 14th Judicial District Court |
| VS.    2021-002166 | State of Louisiana |
| PHILLIPS 66 | Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:   PHILLIPS 66
      THROUGH   ITS   REGISTERED
      AGENT  CORPORATION  SERVICE
      COMPANY
      501 LOUISIANA AVENUE
      Baton Rouge, LA  70802

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of MICHAEL W ALLEN, (PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 15th day of September 2021.

Issued and delivered November 18, 2021

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ATTACHED HERETO AND MADE A PART HEREOF.

*Kimberly Poullard*

Kimberly Poullard

Deputy Clerk of Court

--------------------------------------------------- SERVICE INFORMATION ---------------------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE      $_____          BY:   _____
                                        Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

Citation



MICHAEL W ALLEN
VS.    2021-002166
PHILLIPS 66

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  PHILLIPS 66
     THROUGH   ITS   REGISTERED
     AGENT  CORPORATION  SERVICE
     COMPANY
     501 LOUISIANA AVENUE
     Baton Rouge, LA  70802

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of MICHAEL W ALLEN, (PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 15th day of September 2021.

Issued and delivered November 18, 2021

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ATTACHED HERETO AND MADE A PART HEREOF.

*Kimberly Poullard*

Kimberly Poullard

Deputy Clerk of Court

------------------------------------------------------------------------
SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___.

SERVICE      $_____           BY:  _____
                                         Deputy Sheriff
MILEAGE      $_____

TOTAL  $_____

Party No.    P001

C M S 7 7 6 4 0 4 6        Page Count: 1
Filing Date: 11/18/2021 10:18 AM
Case Number: 2021-002166
Document Name: 1600 Citation

[ Service Copy ]
CMS0085                                                      Page 1 of 1